The opinion of the Court was delivered by
Wardlaw, J.
If the case of the plaintiffs appellants depended simply on the determination of the question, whether a landlord could enforce his claim for rent not actually due, however soon to become due, from goods seized by the sheriff in attachment, this appeal would be sustained. It is settled, that when a sheriff has levied an execution or attachment on goods, he is not bound by the Statute of Anne or otherwise, to pay to the landlord rent growing but not grown due; and that after he has levied, the goods thus in custody of the law are not subject to a distress warrant for rent be *502 come due while they remained on the premises, Ayers vs. Depras, 2 Speers, 367. But in the present case it is doubtful whether the goods were in the1 custody of the law, by the seizure of the sheriff. It is plain that the lodgment of the attachment in the sheriff’s office, and service of a copy of the attachment on the garnishee in possession of the goods, are not equivalent to a levy on the goods, Day vs. Beecher, 1 McMul. 94; Gardner vs. Hurst, 2 Rich. 605. Such garnishee is responsible for the goods in his possession, and may be required to give security for their forthcoming; yet service on him is not taking the goods into the custody of the law. ■Patrick Dewan, the garnishee in this case, swears that he was in possession of the store of the absent debtor, when he was served with a copy of the attachment, and that he locked up the store before he was served, and consulted the landlord, who told him, all is right, give the key to the sheriff. This declaration of the landlord is explained by other affidavits to refer to a supposed agreement that his rent growing due, should be paid from the proceeds of the goods. The presiding Judge reports, the sheriff paid the landlord a quarter’s rent, and the balance to the assignee, who signed a receipt in full of the nett proceeds of the sheriff’s sale, and he concluded that the disputed fact as to the agreement for payment of rent should not be decided by a Judge upon affidavits, and that plaintiffs should be left to their action against the sheriff or the landlord, as they might be advised ; and we do not find sufficient reasons for overruling his conclusions. Scott vs. Cooper, 2 McMul. 155.
The formal grounds of appeal do not present the merits and may be soon despatched.
The complaint in the first ground, that there was no formal return of the sheriff to the rule adopting the affidavits of the deputy sheriff, landlord and garnishee, as the sheriff’s return, is well answered by the remark of the presiding Judge, that during the long argument, and until afterwards by mail, he *503 received grounds of appeal, he had been induced to suppose that there was such formal return. This 'objection should have been taken in limine on circuit.
The second ground is, that the J udge erred in deciding that affidavits could not be heard in reply or explanation of the sheriff’s return. In point of fact the affidavits of one of the plaintiffs and of the assignee, were heard in reply to the return. The Judge did not refuse to hear affidavits, but refused to decide a doubtful question on affidavits, which was proper for a jury.
The third ground, that the decision is otherwise erroneous, is, in no proper sense, a ground of appeal. It is a vague and pointless vilipending of the primary judgment, not' intimating any such specific error, as might call for vindication from the adverse party, or demand the attention of the Court.
It' is ordered that the appeal be dismissed.
O’Neall, C. J., and Johnston, J., concurred.

Motion dismissed.'